### Ex parte TOWNER.

No. 7358.

Springfield Court of Appeals.

Missouri.

July 26, 1954.

George Q. Dawes, Ironton and Roberts & Roberts, Farmington, for petitioner.

Rex A. Henson, Poplar Bluff, for respondent.

## PER CURIAM.

Habeas corpus for discharge of Ray Towner imprisoned in the Butler County jail, Poplar Bluff, Missouri, by William J. Brent, Sheriff.

Petitioner alleged in his answer to the return that he was arrested June 21, 1954, 1:00 P.M., and incarcerated in the Butler County jail; that on June 22, 1954, at 10:30 A.M., he was taken before the Judge of the Magistrate's Court, where he entered a purported plea of guilty to four counts, charging him with buying intoxicating liquor for minors and was sentenced to six months in the county jail on each count.

The answer stated the petitioner is an ex-service man, highly nervous, uneducated and inexperienced in legal matters; that he was not represented by counsel, and, from the time of his arrest to the time of his plea of guilty, was not permitted to use the telephone to call a friend or an attorney; that because of his lack of education, inexperience and state of health, he did not understand the consequences of his plea of guilty; did not understand that he was pleading guilty to four separate charges; did not know he could be given a jail sentence and because of lack of advice, he entered a plea of guilty under a mistake and misapprehension. Petitioner states the plea of guilty was made as a result of violation of his constitutional rights and the laws of Missouri.

Petitioner states that after the plea of guilty he was reincarcerated in the jail at Poplar Bluff and is informed that he is to serve a sentence of six months on each charge.

The evidence offered shows that petitioner is an able-bodied man, engaged in the distribution of lime to farmers in Butler County; that he is 48 years old, has been married and divorced and has been a resident for the last nine years of Poplar Bluff, Butler County.

The evidence shows that the Sheriff called the Hill Coal Company in Poplar Bluff, a place where petitioner usually stayed, and told them that he had a warrant for petitioner and asked them to inform him that he was wanted at the Sheriff's Office, in the court house; that petitioner was well acquainted with the Sheriff and there were no hard feelings between them. The evidence shows that petitioner went to the sheriff's office about 1:00 o'clock, where he was informed by the sheriff of the charge against him; that he discussed the facts concerning the charge with the sheriff and asked to be allowed to call the Hill Coal Company for the purpose of having them unload a carload of lime for him; that the sheriff looked up the number in the telephone directory for petitioner but petitioner failed to get them on the telephone.

The evidence shows that petitioner was placed in jail and, on the next morning about 10:30 o'clock, he was taken to the office of the Magistrate, by the Deputy Sheriff. There the Magistrate read the charges to petitioner and asked petitioner if he had an attorney and was informed by petitioner that he did not. Petitioner was informed by the Magistrate of the kind of a charge against him, that is, that the charges were misdemeanors and was informed that he could enter a plea of guilty on one or all of the charges or none; that if he wanted a trial the Magistrate would set the cause down for a hearing. Petitioner testified that he voluntarily entered a plea of guilty to one count but did not plead guilty to the other counts. The testimony of the other witnesses, however, was to the effect that he entered a plea of guilty to all four counts in the charge.

Petitioner admitted that he, at no time, asked the sheriff or deputy sheriff to permit him to use the telephone for the purpose of calling a friend or an attorney to advise him what to do as to these charges. He admitted he did not ask the Magistrate for permission to consult anyone regarding the charges. He testified he thought he was to serve two years in jail but the commitment shows that he was sentenced to six months on each count and that the sentences were to run concurrently. The commitment showed on its face that each of the counts were contained therein. and that the sentence was to be only six months in the county jail.

The court finds that petitioner failed to establish any grounds in his application for writ of habeas corpus.

It is the order and judgment of the court that the writ be denied; that petitioner be remanded to the sheriff of Butler County to abide the judgment of the Magistrate Court. So ordered.

All concur.